IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TYREE MILLER, | ) |
| Petitioner | ) Case No. 7:20-CV-00314 |
| v. | ) |
| WARDEN J.C. STREEVAL, | ) |
| | ) By: Michael F. Urbanski |
| Respondent. | ) Chief United States District Judge |

## MEMORANDUM OPINION

Tyree Miller, a federal inmate proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Relying on Rehaif v. United States, __ U.S.__, 139 S. Ct. 2191 (2019), United States v. Gary, 954 F.3d 194 (4th Cir. 2020), cert. granted, 141 S. Ct. 974, 208 L. Ed. 2d 510 (2021), and rev'd sub nom. Greer v. United States, 141 S. Ct. 2090 (2021), and United States v. Lockhart, 947 F.3d 187 (4th Cir. 2020), Miller seeks to vacate his guilty plea for one count of possession of a firearm by a felon.[1] Respondent has filed a motion to dismiss the petition, arguing that the court lacks jurisdiction over the petition, and that Miller's claim fails on the merits. ECF No. 11. Upon review of the record, the court concludes that it lacks jurisdiction over the petition. Therefore, it must be **DISMISSED**.

## I. BACKGROUND

Miller is in the custody of the Warden of United States Penitentiary ("USP") Lee. In 2016, Miller entered a guilty plea to one count of unlawful possession of a firearm by a

---

[1] Specifically, Miller pled guilty in the United States District Court for the Eastern District of Pennsylvania in 2016. See United States v. Miller, No. 2:14-cr-00648 (E.D. Pa. Oct. 20, 2016); id. at ECF Nos. 22–23.

1

convicted felon, in violation of 18 U.S.C. §§ 992(g)(1) and 924. This plea was entered pursuant to a written plea agreement with the United States. Miller had three previous convictions in Pennsylvania state court for felony drug charges.[2] Based on these convictions and Miller's plea agreement, the Eastern District of Pennsylvania imposed the agreed-upon sentence of 110 months. Miller did not file a direct appeal.

On June 21, 2019, the Supreme Court decided Rehaif. Soon after, on September 25, 2019, Miller filed a petition to vacate, set aside, or correct his sentence pursuant to § 2255 in the Eastern District of Pennsylvania, claiming (1) ineffective assistance of trial counsel; and (2) lack of knowledge of his status as a convicted felon, precluding him from possessing a firearm under § 922(g)(1) as construed by the Supreme Court in Rehaif. See Miller, No. 2:14-cr-00648, at ECF No. 26. The district court denied Miller's petition to vacate with prejudice, finding that Miller procedurally defaulted on his claim and that he was not entitled to relief. See id. at ECF No. 32. In January 2020, Miller filed a motion for reconsideration, which the district court also denied. See id. at ECF Nos. 34–36. Miller did not appeal from the decision denying his § 2255.

Miller filed the current petition on June 4, 2020. ECF No. 1 in the instant case. Respondent filed a motion to dismiss the petition on November 23, 2020, arguing either that the court lacks jurisdiction over Miller's claim under In re Jones, 226 F.3d 328 (4th Cir. 2000), or that Miller's claim fails on the merits. Resp'ts Mot. to Dismiss, ECF No. 8, at 1, 9. Miller

---

[2] Specifically, Miller pled guilty in the Court of Common Pleas of Philadelphia County, in three cases: CP-51-CR-0009215-2012; CP-51-CR-0009806-2021; and CP-51-CR-007650-2013.

2

twice filed motions for an extension of time to file a reply to respondent's opposition. ECF Nos. 16, 18. The court granted these motions. ECF Nos. 17, 19. Miller has not filed a reply.

Miller raises four challenges in the current petition, all based on Rehaif. First, Miller alleges that, because the district court did not apply the § 924(a)(2) scienter requirement to his status as required by Rehaif, he did not knowingly enter his guilty plea. Second, Miller claims actual innocence, alleging that his lack of knowledge as to his status prohibits him from possessing the requisite intent for a conviction under § 922(g)(1). Third, and relatedly, Miller claims that the government failed to set forth a factual basis at the plea hearing showing he knew (a) he could not legally possess a firearm, and (b) his status as a felon, thus precluding him from possessing a firearm under § 922(g)(1) as construed in Rehaif. Lastly, Miller argues that, under Rehaif as interpreted by Gary[3] and Lockhart, the district court erred by accepting his guilty plea without giving him notice of the elements of a § 922(g)(1) offense.

## II. DISCUSSION

A prisoner generally must file a motion under § 2255 to collaterally attack the legality of his detention under a federal conviction or sentence. 28 U.S.C. § 2255(a); Davis v. United States, 417 U.S. 333, 343 (1974). A district court cannot entertain a petition for a writ of habeas corpus under § 2241 challenging a federal court judgment unless a motion pursuant to § 2255 is "inadequate or ineffective to test the legality of [that inmate's] detention." 28 U.S.C. § 2255(e) ("the savings clause"); see United States v. Wheeler, 886 F.3d 415, 419 (4th Cir. 2018); Jones, 226 F.3d at 333. "[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that

---

[3] The Supreme Court reversed Gary in its decision in Greer v. United States, 141 S. Ct. 2090 (2021).

3

provision, or because an individual is procedurally barred from filing a § 2255 motion." In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997).[4]

The United States Court of Appeals for the Fourth Circuit has concluded that § 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Jones, 328 F.3d at 333–34. Under United States v. Wheeler, a petitioner may utilize the savings clause to challenge a sentence when:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d 415, 429 (4th Cir. 2018), cert. denied, 139 S. Ct. 1318 (2019). If any one of the requirements of Jones or Wheeler is not met, the court is deprived of jurisdiction and may not "entertain[] [the petition] to begin with." Wheeler, 886 F.3d at 425; see id. at 423 (holding that "the savings clause is a jurisdictional provision"); Rice v. Rivera, 617 F.3d 802, 810 (4th Cir. 2010) ("Jurisdictional restrictions provide absolute limits on a court's power to hear and dispose of a case, and such limits can never be waived or forfeited."). Miller bears the burden of proving subject matter jurisdiction. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).

---

[4] The court has omitted internal quotation marks, alterations, and/or citations here and throughout this memorandum opinion, unless otherwise noted.

4

Miller argues that in the wake of the Supreme Court's decision in Rehaif he is actually innocent of his conviction and sentence under 18 U.S.C. § 922(g). Section 922(g) provides that "it shall be unlawful for certain individuals to possess firearms. The provision lists nine categories of individuals subject to the prohibition, including felons . . . . A separate provision, § 924(a)(2), adds that anyone who *knowingly* violates the first provision shall be fined or imprisoned for up to 10 years." Rehaif, 139 S. Ct. at 2194; see also 18 U.S.C. § 922(g). In Rehaif, the Supreme Court held that "the word knowingly applies both to the defendant's conduct and to the defendant's status. To convict a defendant, the Government therefore must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." Rehaif, 139 S. Ct. at 2194.

At his guilty plea hearing, Miller conceded ownership of the firearm for which he was charged under §§ 922(g) and 924(a). See Government's Ex. 1, Tr. Plea Proceeding, ECF No. 11-1, at 5 ("Your Honor, today I decided to take the guilty plea, because the gun was mine . . . ."). Moreover, at the hearing, the district court asked Miller, "Why was it a crime for you to have possession of the gun," to which Miller responded, "Oh, because I was a convicted felon." Id. Now, however, Miller claims that he was unaware of the element recognized in Rehaif requiring the government to prove that he knew of his prohibited status at the time he possessed the firearm. As such, Miller claims that the district court did not apprise him of the knowledge of prohibited status element recognized in Rehaif, and that the government did not prove that Miller knew he was a person prohibited from possessing a firearm. As such, Miller claims that he is actually innocent.

5

As noted above, the court may not entertain Miller's § 2241 petition unless he can satisfy the conditions set forth in Jones or Wheeler. See Asar v. Travis, No. 6:20-cv-00394, 2020 WL 1099391, at *5 (D.S.C. Feb. 10, 2020) ("Asar I") ("To trigger the savings clause of § 2255(e) and proceed under § 2241, the petitioner must meet the savings clause test as contemplated in United States v. Wheeler or In re Jones."), adopted by 2020 WL 3843638 (D.S.C. July 8, 2020) ("Asar II"). "If any one of the requirements is not met, the court is deprived of jurisdiction and may not entertain the petition to begin with." Ledezma-Rodriguez v. Brecken, No. 7:18-cv-00268, 2019 WL 4644556, at *2 (W.D. Va. Sept. 24, 2019) (quoting Wheeler, 886 F.3d at 425).

Miller cannot meet the second prong of Jones or Wheeler. Since Rehaif, several courts within the Fourth Circuit have held that Rehaif did not change substantive law because the conduct for which the petitioner was convicted is still illegal. See, e.g., Asar II, 2020 WL 3843638, at *2 ("being a felon in possession of a firearm remains a valid criminal offense"); Erby v. Breckon, No. 7:18-cv-00588, 2020 WL 1443154, at *7 (W.D. Va. Mar. 24, 2020) (citing cases); Hoffman v. Breckon, No. 7:18-cv-00265, 2020 WL 929589, at *9 (W.D. Va. Feb. 26, 2020) (same); Swindle v. Hudgins, No. 5:19-cv-300, 2020 WL 469660, at *2 (N.D. W. Va. Jan. 29, 2020) ("Here, the crimes for which petitioner was convicted remain criminal offenses; accordingly, he cannot satisfy the second prong of Jones."); Taylor v. Huggins, No. 5:19-cv-291, 2019 WL 6481799, at *3 (N.D. W. Va. Nov. 5, 2019) ("Even if Petitioner satisfied the first and third elements of Jones, the crime for which he was convicted remains a criminal offense, and therefore, he cannot satisfy the second element of Jones."), adopted by 2019 WL 6467823 (N.D. W. Va. Dec. 2, 2019); Moss v. Dobbs, No. 8:19-cv-02280, 2019 WL 7284989,

at *9 (D.S.C. Sept. 23, 2019) ("[T]he savings clause test in Jones requires that subsequent to a prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal. Here, no such change occurred."), adopted by 2019 WL 5616884 (D.S.C. Oct. 31, 2019).

Miller filed his § 2255 petition after the Court's decision in Rehaif and relied on Rehaif therein. Under that timeline, "the substantive law" did not change "subsequent to . . . [Miller's] first § 2255 motion." Jones, 328 F.3d at 334. Since Miller already presented his Rehaif claim in the context of that petition, he cannot take advantage of the savings clause in § 2255(e).

Further, to the extent Miller challenges his sentence under Wheeler, the Supreme Court did not indicate that Rehaif was retroactively applicable to cases on collateral review. Erby, 2020 WL 1443154, at *7; see also Hoffman, 2020 WL 929589, at *9 (citing cases); Asar I, 2020 WL 1099391, at *6 ("[T]o date, Rehaif has not been held to be retroactive on collateral review. Therefore, the petitioner cannot meet the second prong of Wheeler, because he has not shown that subsequent to his first § 2255 motion . . . there was a change in the substantive law of the sentencing court that was deemed to apply retroactively on collateral review."); Williams v. United States, 3:17-cr-00241, 2019 WL 6499577, at *2 (W.D.N.C. Dec. 3, 2019) ("[T]he Supreme Court did not make Rehaif retroactive to cases on collateral review."); Waters v. United States, No. 4:15-cr-158, 2019 WL 3495998, at *5 (D.S.C. Aug. 1, 2019) (denying motion to appoint counsel to present a Rehaif claim in part because "there is no indication that the Supreme Court has made the holding in Rehaif retroactively applicable to invalidate an otherwise final conviction under § 922(g)"); accord Wright, 942 F.3d at 1065 (noting, in

context of application to file second/successive § 2255 motion, that "the Supreme Court did not make Rehaif retroactive to cases on collateral review"); Palacios, 931 F.3d at 1315 (same).

Thus, because Miller cannot satisfy all the Jones or Wheeler conditions to challenge his conviction and sentence by way of the savings clause, the court lacks jurisdiction over his Rehaif claim. See Swindle, 2020 WL 469660, at *3 ("Consequently, because petitioner attacks the validity of his conviction and fails to establish that he meets the Jones requirements, he is unable to satisfy the § 2255 savings clause to seek relief under § 2241. Where, as here, a federal prisoner brings a § 2241 petition that does not fall within the scope of the savings clause, the district court must dismiss the unauthorized habeas motion for lack of jurisdiction." (citing Rice, 617 F.3d at 807)); see also Erby, 2020 WL 1443154, at *7 (noting, in context of motion to amend, that because petitioner could not satisfy all of Wheeler's conditions, "the court would be required to dismiss a Rehaif claim for lack of jurisdiction").[5] Accordingly, this court must conclude that Miller cannot proceed with his Rehaif claim under § 2241 because the court lacks jurisdiction over the claim. Therefore, the court **DISMISSES** Miller's petition without prejudice. An appropriate order will enter herewith.

The clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

**ENTER**: This 24th day of September, 2021.

Michael F. Urbanski
Chief United States District Judge

---

[5] Because the court has determined that it lacks jurisdiction over the petition, it does not address respondent's harmlessness argument.

8